# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

### APPEAL NO. 23-1089

### IN RE: ALCIBADES DE PAZ,
Petitioner.

---

### UNITED STATES' RESPONSE TO
### PETITION FOR A WRIT OF MANDAMUS

---

**TO THE HONORABLE COURT:**

The United States of America hereby responds to Petitioner Alcibades De Paz's request for a writ of mandamus. See Petition for a Writ of Mandamus, filed Jan. 23, 2023. The United States agrees that De Paz should be appointed learned counsel forthwith.

1. De Paz stands indicted of a death-eligible offense, bringing non-citizens into the United States resulting in the death of a person, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i) and (a)(1)(B)(iv). (App. 4).[1] He seeks from this Court a writ of mandamus ordering the district court to immediately appoint

---

[1] Citations of "App." refer to the Petitioner's Appendix.

him learned counsel. (App. 9-14). When he moved the district court to appoint him learned counsel the day after the government certified that his case is death eligible (App. 8, 11-12), the court held his request in abeyance pending the Attorney General's decision to pursue or not pursue the death penalty (App. 13). The court later denied him reconsideration.[2] (App. 14-17).

    2.   De Paz is correct that the word "promptly" in 18 U.S.C. § 3005[3] "means promptly after indictment, not . . . only after the Attorney General has made a determination to seek the death penalty." *In re Sterling-Suarez*, 306 F.3d 1170, 1171 (1st Cir. 2002). In *Sterling-Suarez*, this Court granted "advisory mandamus" to resolve when learned counsel must be appointed in a federal case. *Id.* at 1172. Like De Paz, Sterling stood indicted of a capital offense, and the Attorney General had yet to determine whether to seek the death penalty. *Id.* at 1171-72. The Court ordered that Sterling be appointed learned counsel "forthwith." *Id.* at 1175.

---

2 The district court had granted the United States until February 27, 2023, to determine whether it would seek the death penalty. (App. 10).

3 Section 3005 provides that the court "shall promptly, upon the defendant's request," assign two counsel, "of whom at least 1 shall be learned in the law applicable to capital cases."

3. Accordingly, under this Court's precedent, the United States agrees that De Paz should be appointed learned counsel forthwith.

**WHEREFORE**, the United States agrees with De Paz that this Court should order the district court to appoint De Paz learned counsel forthwith.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 26th day of January 2023.

> W. Stephen Muldrow
> United States Attorney
>
> /s/ Mariana E. Bauzá-Almonte
> Assistant United States Attorney
> Chief, Appellate Division
> U.S. Attorney's Office
> Torre Chardón, Suite 1201
> 350 Carlos Chardón Ave.
> San Juan, Puerto Rico 00918
> Tel 787-766-5656
> Fax 787-771-4050

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 26, 2023, I electronically filed the above response with the U.S. Court of Appeals for the First Circuit by using the CM/ECF system and thereby served it on all counsel of record.

> /s/ Mariana E. Bauzá-Almonte
> Assistant United States Attorney